UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEROME DAVIS, | ) | CASE NO. 1:06 CV 0072 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| GOULD ELECTRONICS, | ) ) | |
| Defendant. | ) | |

On January 11, 2006, pro se plaintiff Jerome Davis filed the above-captioned action against Gould Electronics. He alleges he was poisoned by contaminated soil on the Omaha, Nebraska Superfund Site ("the Site") for which Gould is the "responsible party."[1] He asserts this court's jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and seeks $ 2,500,000.00 in compensatory and punitive damages.

---

[1] The court presumes this is a reference to the Hazardous Substance Superfund established by 26 U.S.C. § 9507.

*Background*

The relevant facts in the complaint are scant.  Mr. Davis states that he is twenty-eight years old and lived on the Site from the date of his birth in 1977 until his eighteenth birthday.  He claims that during the time he lived on the Site he was exposed to lead in the soil and suffered brain damage, diminished mental capacity and intellectual development as a result.

Attached to the complaint is letter from Cecilia Tapia, Director of the Environmental Protection Agency's (EPA) Superfund Division to James R. Cronmiller, Corporate Environmental Affairs at Gould Electronics in Eastlake, Ohio, dated December 16, 2004.[2]  The letter is in follow up to a June 17, 2002 meeting between the EPA and Gould wherein Gould was notified of its status as a "responsible party"at the Site, as that term is defined by Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607.   As a responsible party, the EPA explained that Gould is "liable for costs incurred by the United States in response to releases of hazardous substances at the Site." (Letter from Tapia to Cronmiller of 12/16/04 at 1.)  A list of other potentially responsible parties for the Site was enclosed with EPA's letter to Gould.

Mr. Davis identifies himself as a resident of Nebraska.  He is presently incarcerated in a facility in Lincoln, Nebraska.  He seeks $2,500,000.00 in compensatory and punitive damages.

---

[2] The document was sent as a Special Notice Letter pursuant to section 122(e)(1) of CERCLA, 42 U.S.C. § 9622, wherein, if the EPA "determine[s] that a period of negotiation under this subsection would facilitate an agreement with potentially responsible parties [PRPs] for taking response action (including any action described in section 9604(b) of this title) and would expedite remedial action," it must notify the PRPs.  42 U.S.C. § 9622.
.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*Lack of Standing*

In order to satisfy the basic standing requirements of Article III of the Constitution, Mr. Davis must meet three requirements. His failure to establish any one of them deprives this court of jurisdiction to hear the suit. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, he must demonstrate he has suffered "an 'injury in fact' that is both concrete and particularized and actual or imminent." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan, 504 U.S. at 560-61). Second, the injury must be fairly traceable to the challenged action of Gould Electronics. Id. Finally, Mr. Davis must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id.

Mr. Davis has alleged an injury in fact and may even be entitled to recover

---

[3] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

reasonable medical expenses for the injuries he sustained as a result of a defendant's action, however two prongs of the standing requirements are not sufficient to prop up the remaining one. Moreover, even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing that his alleged injury is fairly traceable to Gould Electronics. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).[4]

The complaint does not set forth a single fact that Gould had ownership of the Site or that it operated a plant on the Site during the time Mr. Davis allegedly suffered his injuries. Without this critical link there is no injury fairly traceable to Gould. Accordingly, Mr. Davis lacks standing to pursue his action, and he has failed to state a claim upon which relief could be granted.

Based on the foregoing, the complaint is dismissed pursuant to 28 U.S.C.

---

[4] Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:
> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a).

§1915(e). Further, the court certifies that an appeal from this decision could not be taken in good faith.[5]

       IT IS SO ORDERED.

                                          */s/Dan Aaron Polster 4/21/06*
                                          DAN AARON POLSTER
                                          UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."